RECEIVED JUN 6 2005

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 04-MK-1769 (CBS) 04-cv-01769-MSK-CBS

A MAJOR DIFFERENCE, INC., a Colorado corporation,

Plaintiff,

v.

ERCHONIA MEDICAL, INC., an Arizona corporation,
ERCHONIA MEDICAL LASERS, L.L.C., an Arizona limited liability company, and
ERCHONIA PATENT HOLDINGS, L.L.C., an Arizona limited liability company,

Defendants.

ERCHONIA PATENT HOLDINGS, LLC, an Arizona limited liability company;
ERCHONIA MEDICAL INC., an Arizona corporation,

Counterclaimants and Third-Party Plaintiffs,

v.

A MAJOR DIFFERENCE, INC., a Colorado corporation,
ROBERT E. MORONEY, an individual,
ROBERT E. MORONEY, L.L.C., a Colorado limited liability company,
MIKI SMITH, an individual,
KMS Marketing, Incorporated, a Colorado corporation,
GEORGE GONZALEZ, D.C. and LORENA GUZMAN, husband and wife,
STARGATE INTERNATIONAL INC., a Colorado corporation,

Counterdefendant and Third-Party Defendants.

## STIPULATED PROTECTIVE ORDER

The Court having considered the stipulation of the parties and good cause appearing,

IT IS ORDERED:

1       **Definitions:** The following definitions shall apply to this Order:

#1090250 v1

a. "Document" shall mean any document, record or other tangible material produced by way of disclosure or in any response to any discovery request served by either party in this action, or any deposition transcript or portion of a deposition transcript or any document marked for identification at any deposition, or any exhibit or affidavit submitted in connection with this proceeding, or used at trial in this matter.

b. "Confidential Information" shall mean any information regarded by the Disclosing Party (defined below) as confidential and which is subject to the restrictions applying to "Confidential Information, Subject to a Protective Order" as set forth below.

c. "Disclosing Party" shall refer to the party that claims the information or document to be confidential and that discloses or has disclosed the Confidential Information or Restricted Confidential Information to the Receiving Party.

d. "Receiving Party" shall refer to the party that receives or has received the Confidential Information or Restricted Confidential Information from the Disclosing Party.

e. "Restricted Confidential Information" shall mean any Confidential Information which is subject to all the restrictions applying to "Confidential Information" as set forth below and which is also subject to additional restrictions applying to "Restricted Confidential Information" as set forth below.

2. **Designation as "Confidential Information" or as "Restricted Confidential Information."**

a. A party to this action may designate, in good faith, any information or documents as "Confidential Information" or as "Restricted Confidential Information" in the course of this proceeding. Such information may be provided as part of the required disclosure

2

process, in the response to any discovery request or as part of any filing with the Court or as part of any trial or hearing in this matter. The Disclosing Party shall only so designate any information or documents if such information is or contains confidential, proprietary or trade secret information, which may include, but is not limited to: technical or scientific information, pending patent applications, source code, financial information, business plans, marketing plans, strategic plans, product development plans, customer lists or information, supplier lists, design specifications, scientific processes or formulas, etc.

    b.  The Disclosing Party shall designate Confidential Information by conspicuously marking any documents containing such information with the words "CONFIDENTIAL SUBJECT TO A PROTECTIVE ORDER" or a substantially similar designation. Any tangible items that contain Confidential Information shall be marked "CONFIDENTIAL SUBJECT TO A PROTECTIVE ORDER" with a tag, label or a coversheet, if it is not practical to mark the items directly. Any Confidential Information that is disclosed orally shall be orally confirmed to opposing counsel as being "Confidential" at the time of disclosure and by promptly thereafter confirming in writing the disclosure as being Confidential and specifying the nature of the disclosure that is considered Confidential.

    c.  The Disclosing Party may designate Confidential Information as Restricted Confidential Information by conspicuously marking any documents containing such information with the words "RESTRICTED CONFIDENTIAL," "CONFIDENTIAL ATTORNEY'S EYES ONLY" or a substantially similar designation, followed by "SUBJECT TO A PROTECTIVE ORDER." Any tangible items that contain Restricted Confidential Information shall be marked "RESTRICTED CONFIDENTIAL" or "CONFIDENTIAL

3

#1090250 v1

ATTORNEY'S EYES ONLY" with a tag, label, or a coversheet, if it is not practical to mark the items directly. Any Restricted Confidential Information that is disclosed orally shall be orally confirmed to opposing counsel as being "Restricted Confidential" at the time of disclosure and by promptly thereafter confirming in writing the disclosure as being Restricted Confidential and specifying the nature of the disclosure that is considered Restricted Confidential.

3. **Access to and Use of Confidential Information.** Access to Confidential Information and any information reflecting or embodying such Confidential Information that is not otherwise publicly available shall be restricted to:

   a. The parties to this action and their officers, directors, employees and representatives who have a need for such information for purposes of this action.

   b. Outside counsel for the parties and employees of their respective firms who are actually assisting in the preparation of this action.

   c. Outside independent experts and consultants retained by the parties or their counsel who have a need for such information to assist in this litigation, provided that (a) such person is not regularly engaged in any activity that places him or her in competition with the products or services provided the Disclosing Party and (b) such expert or consultant signs an agreement to be bound by this Protective Order in the form of acknowledgment attached as Exhibit A. Non-testifying experts or consultants do not need to be disclosed under this paragraph provided that they meet the qualifications set forth in this section and that they have executed the acknowledgment in the form of Exhibit A.

   d. The Court and related Court personnel.

   e. Any other person with the prior written consent of the Disclosing Party

4. **Access to Restricted Confidential Information.** Access to Restricted Confidential Information and any information reflecting or embodying such Restricted Confidential Information that is not otherwise publicly available shall be limited to:

    a. Outside counsel for the parties and employees of their respective firms who are actually assisting in the preparation of this action

    b. Outside independent experts and consultants retained by the parties or their counsel who have a need for such information to assist in this litigation, provided that: (a) such person is not regularly engaged in any activity that places him or her in competition with the products or services provided the Disclosing Party and (b) such expert or consultant signs an agreement to be bound by this Protective Order in the form of acknowledgment attached as Exhibit B. Non-testifying experts or consultants do not need to be disclosed under this paragraph provided that they meet the qualifications set forth in this section and that they have executed the acknowledgment in the form of Exhibit B. Upon final resolution of this matter such non-testifying experts or consultants will be identified to the Disclosing Party along with copies of the acknowledgment signed by such person.

    c The Court and related Court personnel

    d. Any other person with the prior written consent of the Disclosing Party

5. **Purpose of Disclosure.** The disclosure of Confidential Information or Restricted Confidential Information is made solely for use in this action and for the purposes of this action No person or entity subject to this Protective Order shall use such Confidential Information or Restricted Confidential Information for any other purpose, nor shall they copy, reproduce or disclose any Confidential Information to any other person or entity. The restrictions set forth in

this Order shall survive the conclusion of this action, and the Court shall retain jurisdiction of this action after its conclusion for the purposes of enforcing the terms of this Protective Order.

6. **Failure to Designate.** The inadvertent failure to designate documents or information as "Confidential Information, Subject to a Protective Order" or "Restricted Confidential Information, Subject to a Protective Order" prior to or at the time of disclosure shall not operate as a waiver of the Disclosing Party's right to designate such information as Confidential or Restricted Confidential at a later time. In the event that any Confidential Information or Restricted Confidential Information is promptly designated as such after disclosure, the Receiving Party shall use all reasonable efforts to ensure that such document or information is subsequently treated as Confidential or Restricted Confidential pursuant to the terms of this Order, and any persons who have had access to such disclosure shall be so instructed.

7. **Right to Challenge Status of Information.** Nothing in this Order shall prevent a party from challenging the status of a document as Confidential or Restricted Confidential or from seeking a Court ruling permitting the disclosure of such information or document. Should the Receiving party wish to make a disclosure of such Confidential Information or Restricted Confidential Information, it shall first negotiate in good faith with the Disclosing Party to resolve any dispute as to such disclosure. In the event the parties fail to agree, the Receiving Party may apply to the Court by motion for appropriate relief. The provisions of this Order shall continue to apply until such time as the Court has issued an Order permitting such disclosure and specifying the conditions for such disclosure.

8. **Filing Under Seal.** All documents filed with the Court that contain Confidential Information or Restricted Confidential Information shall be filed under seal. These documents shall only be unsealed by Order of the Court or with the consent of the Disclosing Party.

9. **Use by Disclosing Party.** Nothing in this Order shall prevent the Disclosing Party from using or disclosing its own Confidential Information or Restricted Confidential Information for any purpose

10. **Orders at Trial or Hearing.** At trial or hearing in this matter, the Court may enter a further order governing the use at the trial or hearing of the Confidential Information and the Restricted Confidential Information

1 **Return of Documents.** At the conclusion of this matter, all Confidential Information or Restricted Confidential Information, including all copies, excerpts, and summaries thereof shall be returned to the Disclosing Party or destroyed. If such Confidential Information or Restricted Confidential Information is destroyed, the attorneys responsible for such destruction shall provide the Disclosing Party with a written statement certifying that such information has been destroyed. The return or destruction of the Confidential Information or Restricted Confidential Information shall be completed within thirty (30) days of the completion of this litigation, including any appeals. Notwithstanding the foregoing, counsel for any party may retain one copy of the Confidential Information or Restricted Confidential Information in its files for archival purposes only.

Dated: 6-20-05

HON. CRAIG B. SHAFFER
United States Magistrate Judge

STIPULATED AND AGREED TO THIS 16th DAY
OF JUNE 2005, BY THE UNDERSIGNED
COUNSEL FOR THE PARTIES:


SHERIDAN ROSS, PC
 Robert R. Brunelli
 Benjamin J. Lieb

_____
1560 Broadway, Suite 1200
Denver, Colorado 80202
Telephone: 303-863-9700

Attorneys for Plaintiff and
Counterdefendant/Third-Party Defendants A
Major Difference, Inc., Robert E. Moroney,
Robert E. Moroney, L.L.C., Miki Smith, KMS
Marketing, Incorporated, George Gonzalez,
D.C., Lorena Guzman, and Stargate
International Inc.

HOLME ROBERTS & OWEN LLP
 Richard L. Gabriel
 David O. Seeley

_____
1700 Lincoln, Suite 4100
**DC Box No. 07**
Denver, Colorado 80203
Telephone: 303-861-7000

DECONCINI MCDONALD YETWIN &
LACY, P.C.
 Ira M. Schwartz
2025 N. Third Street, Suite 230
Phoenix, Arizona 85004
Telephone: 602-282-0500

KENNEDY CHRISTOPHER CHILDS &
FOGG, P.C.
 John R. Mann
 Charles R. Ledbetter
 Valerie A. Garcia
1050 17th Street, Suite 2500
Denver, Colorado 80265
Telephone: (303) 825-2700

Attorneys for Erchonia Medical, Inc., Erchonia
Medical Lasers, L.L.C., and Erchonia Patent
Holdings, L.L.C.

8

#1090250 v1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 04-MK-1769 (CBS)

A MAJOR DIFFERENCE, INC., a Colorado corporation,

Plaintiff,

v.

ERCHONIA MEDICAL, INC., an Arizona corporation,
ERCHONIA MEDICAL LASERS, L.L.C., an Arizona limited liability company, and
ERCHONIA PATENT HOLDINGS, L.L.C., an Arizona limited liability company,

Defendants.

---

ERCHONIA PATENT HOLDINGS, LLC, an Arizona limited liability company;
ERCHONIA MEDICAL INC., an Arizona corporation,

Counterclaimants and Third-Party Plaintiffs,

v.

A MAJOR DIFFERENCE, INC., a Colorado corporation,
ROBERT E. MORONEY, an individual,
ROBERT E. MORONEY, L.L.C., a Colorado limited liability company,
MIKI SMITH, an individual,
KMS Marketing, Incorporated, a Colorado corporation,
GEORGE GONZALEZ, D.C. and LORENA GUZMAN, husband and wife,
STARGATE INTERNATIONAL INC., a Colorado corporation,

Counterdefendant and Third-Party Defendants

---

### ACKNOWLEDGMENT RE: STIPULATED PROTECTIVE ORDER
(Access to Confidential Information)

I, _____, have been given a copy of and have read the Stipulated Protective Order entered in the above proceeding. I understand its contents and agree that I will

**EXHIBIT A**

#1090250 v

be and am bound by its terms. I submit to the jurisdiction of this court for any purpose related to the enforcement of this Stipulated Protective Order.

Dated this _____ day of _____, 2005.

_____
Signature

2

#1090250 v1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 04-MK-1769 (CBS)

A MAJOR DIFFERENCE, INC., a Colorado corporation,

Plaintiff,

v.

ERCHONIA MEDICAL, INC., an Arizona corporation,
ERCHONIA MEDICAL LASERS, L.L.C., an Arizona limited liability company, and
ERCHONIA PATENT HOLDINGS, L.L.C., an Arizona limited liability company,

Defendants.

ERCHONIA PATENT HOLDINGS, LLC, an Arizona limited liability company;
ERCHONIA MEDICAL INC., an Arizona corporation,

Counterclaimants and Third-Party Plaintiffs,

v.

A MAJOR DIFFERENCE, INC., a Colorado corporation,
ROBERT E. MORONEY, an individual,
ROBERT E. MORONEY, L.L.C., a Colorado limited liability company,
MIKI SMITH, an individual,
KMS Marketing, Incorporated, a Colorado corporation,
GEORGE GONZALEZ, D.C. and LORENA GUZMAN, husband and wife,
STARGATE INTERNATIONAL INC., a Colorado corporation,

Counterdefendant and Third-Party Defendants.

**ACKNOWLEDGMENT RE: STIPULATED PROTECTIVE ORDER**
**(Access to Restricted Confidential Information)**

I, _____, have been given a copy of and have read the Stipulated Protective Order entered in the above proceeding. I understand its contents and agree that I will be and am bound by its terms. I further acknowledge and agree that I may receive

**EXHIBIT B**

#1090250 v1

RESTRICTED CONFIDENTIAL INFORMATION and specifically agree to be bound by all of the terms of the Stipulated Protective Order concerning the non-disclosure and restricted use applicable to such RESTRICTED CONFIDENTIAL INFORMATION. I agree to submit to the jurisdiction of this court for any purpose related to the enforcement of this Stipulated Protective Order.

Dated this _____ day of _____, 2005.

_____
Signature

2

#1090250 v1