IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Case No. 04-cv-01769-MSK-CBS

A MAJOR DIFFERENCE, INC., a Colorado corporation,

    Plaintiff,

v.

ERCHONIA MEDICAL, INC., an Arizona corporation,
ERCHONIA MEDICAL LASERS, L.L.C., an Arizona limited liability company,
ERCHONIA PATENT HOLDINGS, L.L.C., an Arizona limited liability company,

    Defendants,

and

ERCHONIA PATENT HOLDINGS, L.L.C., an Arizona limited liability company,
ERCHONIA MEDICAL, INC., an Arizona corporation,

    Counterclaimants and Third-Party Plaintiffs,

v.

A MAJOR DIFFERENCE, INC., a Colorado corporation,
ROBERT E. MORONEY, an individual,
ROBERT E. MORONEY, L.L.C., a Colorado limited liability company,
MIKI SMITH, an individual,
KMS MARKETING, INC., a Colorado corporation,
GEORGE GONZALEZ, D.C., an individual,
LORENA GUZMAN, an individual,
STARGATE INTERNATIONAL, INC., a Colorado corporation,

    Counterdefendant and Third-Party Defendants.

**ORDER DENYING MOTION TO DISMISS (#16)**

THIS MATTER comes before the Court on a motion to dismiss **(#16)** filed by Defendants Erchonia Medical, Inc., Erchonia Medical Lasers, LLC, and Erchonia Patent Holdings, LLC ("the Erchonia Defendants). Having considered the motion, the response **(#34)**, and the reply **(#44)**, the Court finds and concludes as follows:

### I. Jurisdiction

The Court exercises subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

### II. Background

The Plaintiff asserts eleven claims for relief against the Erchonia Defendants, including one claim for violation of the Colorado Consumer Protection Act found at Claim 7. The Erchonia Defendants move to dismiss Claim 7 under Fed. R. Civ. P. 12(b)(6). They also move to strike paragraph 68(e) and Exhibit 20 of the Complaint under Fed. R. Civ. P. 12(f).

### III. Issues Presented

The Court must determine whether the Plaintiff has stated a claim for relief under the Colorado Consumer Protection Act ("CCPA"). The Court must also determine whether it should strike paragraph 68(e) and Exhibit 20 of the Complaint.

### IV. Analysis

Under Fed. R. Civ. P. 12(b)(6), a party may move to dismiss a claim for relief on the basis that it fails to state any claims upon which relief may be granted. There is a strong

presumption against the dismissal of claims under this rule. *See Cottrell, Ltd. v. Biotrol Intern., Inc.,* 191 F.3d 1248, 1251 (10th Cir. 1999). The Court accepts all well-pleaded allegations in the complaint as true and construes them in the light most favorable to the Plaintiff. *See Williams v. Meese,* 926 F.2d 994, 997 (10th Cir. 1991). Only if the Plaintiff can allege no set of facts in support of its claims is dismissal appropriate. *See Jojola v. Chavez,* 55 F.3d 488, 490 (10th Cir. 1995).

The Erchonia Defendants move to dismiss Claim 7 for failure to state a claim upon which relief may be granted. To state a claim for relief under the CCPA, a plaintiff must allege: (1) a defendant engaged in an unfair or deceptive trade practice; (2) the challenged practice occurred in the course of the defendant's business, vocation or occupation; (3) it significantly impacts the public as actual or potential consumers of the defendant's goods, services or property; (4) an injury in fact to a legally protected interest; and (5) the challenged practice caused the plaintiff's injury. *See Martinez v. Lewis*, 969 P.2d 213, 221 (Colo. 1998). The Erchonia Defendants contend that the Plaintiff has failed to allege facts in support of element 3. They instead contend that the Plaintiff simply alleges a private wrong as opposed to a public wrong.

The Plaintiff alleges in Claim 7:

> 92.   AMD incorporates paragraphs 1 through 91 as though fully set forth herein.
>
> 93.   Based on the allegations set forth above, Defendants have, in bad faith, violated the Colorado Consumer Protection Act, §§ 6-1-105(b), (c), (e), (h), etc.

> 94.     As a result of Defendants' wrongful acts, AMD has suffered damages, including loss of sales and a lessening of goodwill associated with its Quantum System Laser, in amounts to be determined at trial.  Pursuant to Colorado Revised Statute § 6-1-113, AMD, seeks treble actual damages, attorney's fees and costs and issuance of a permanent injunction for Defendants' violation of the C.C.P.A.

In its response to the motion to dismiss, the Plaintiff asserts that it has alleged sufficient facts to support element three and points to paragraph 60 of the Complaint, which states:

> 60.     Erchonia has deceptively used the phrase "approval" in connection with its improperly obtained premarket clearance to cause customers and potential customers to believe that the FDA investigated the efficacy and safety of its PL-series laser products, when in fact, the FDA did no such thing.  Erchonia and its agents have, in bad faith, deceived the public into believing its PL-series lasers are "approved" by the FDA in violation of 21 C.F.R. 807.97. . . . Erchonia has used its deceptive FDA approval marketing statements against competitors, such as AMD, by upon information and belief, informing customers that only its laser products are "FDA approved" and that customers should only purchase its products.  Erchonia's actions are deceptive and must be considered misbranding.

The Plaintiff also asserts that "the Erchonia Parties have made misrepresentations, taking the form of widespread advertisements, which were generally directed to the public, and thus, have 'significantly impacted' actual or potential consumers under the CCPA."

The Plaintiff has alleged sufficient facts to support element three of its CCPA claim.  Not only are the allegations set forth in paragraph 60 sufficient to support such element, but it is obvious that additional amendments to the Complaint could be made to clarify that the Plaintiff

4

is alleging that the Erchonia Defendants' conduct significantly impacted the public. Whether there actually was a significant impact on the public depends upon the evidence presented at trial. Therefore, the Court will not dismiss Claim 7.

Rule 12(f), Fed. R. Civ. P. allows the Court to strike "from any pleading . . . any redundant, immaterial, impertinent, or scandalous matter." The Erchonia Defendants move to strike paragraph 68(e) as immaterial, impertinent, and scandalous because such paragraph incorrectly alleges that they made false statements as contained in Exhibit 20. They also move to strike Exhibit 20 because, on its face, the exhibit contains no statements made by them or their agents.

At best, the Erchonia Defendants' challenge to paragraph 68(e) and Exhibit 20 is one of relevance. Whether the materials comprising Exhibit 20 are probative of the Plaintiff's claims and admissible at trial is an issue to be determined at the time of trial.

**IT IS THEREFORE ORDERED** that the Erchonia Defendants' motion to dismiss **(#16)** is **DENIED**.

Dated this 19th day of September, 2005.

                                            **BY THE COURT:**

                                            */s/ Marcia S. Krieger*

                                            Marcia S. Krieger
                                            United States District Judge