IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 04-MK-1769 (CBS)

A MAJOR DIFFERENCE, INC., a Colorado corporation,

Plaintiff,

v.

ERCHONIA MEDICAL, INC., an Arizona corporation,
ERCHONIA MEDICAL LASERS, L.L.C., an Arizona limited liability company, and
ERCHONIA PATENT HOLDINGS, L.L.C., an Arizona limited liability company,

Defendants.

ERCHONIA PATENT HOLDINGS, LLC, an Arizona limited liability company;
ERCHONIA MEDICAL INC., an Arizona corporation,

Counterclaimants and Third-Party Plaintiffs,

v.
A MAJOR DIFFERENCE, INC., a Colorado corporation,
ROBERT E. MORONEY, an individual,
ROBERT E. MORONEY, L.L.C., a Colorado limited liability company,
MIKI SMITH, an individual, and
KMS Marketing, Incorporated, a Colorado corporation,

Counterdefendant and Third-Party Defendants.

## THE ERCHONIA CLAIMANTS' AMENDED COUNTERCLAIMS AND AMENDED THIRD-PARTY COMPLAINT

Erchonia Medical, Inc. and Erchonia Patent Holdings, L.L.C. (collectively, the "Erchonia Claimants"), for their amended counterclaims and amended third-party complaint, complain and allege:

#1037676 v2

## PARTIES

1. Erchonia Patent Holdings, LLC is an Arizona Limited Liability Company with its principal place of business in Maricopa County, Arizona.

2. Erchonia Medical Inc. is an Arizona corporation with its principal place of business in Maricopa County, Arizona.

3. A Major Difference, Inc. ("AMD") is a Colorado corporation with its principal place of business in Aurora, Colorado.

4. Robert Moroney ("Moroney") is an individual residing in Aurora, Colorado.

5. Robert E. Moroney, LLC ("REM") is a Colorado limited liability company with its principal place of business in Aurora, Colorado.

6. Miki Smith ("Smith") is an individual residing in Evergreen, Colorado.

7. KMS Marketing, Inc. is a Colorado corporation, with its principal place of business in Evergreen, Colorado.

8. Stargate International, Inc. is a Colorado corporation with its principal place of business in Parker, Colorado.

## JURISDICTION AND VENUE

9. This matter involves claims of patent infringement. This court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1338.

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

#1037676 v2

## GENERAL ALLEGATIONS

11.     Erchonia Patent Holdings is the owner of U.S. Patent No. 6,746,473 issued June 8, 2004 for a *Therapeutic Laser Device* (the "'473 Patent"). Steven C. Shanks ("Shanks") and Kevin B. Tucek ("Tucek") are the inventors of this patent.

12.     Erchonia Medical is the exclusive licensee of the '473 Patent.

13.     Erchonia Medical is in the business of manufacturing and selling therapeutic devices. Among the devices manufactured and sold by Erchonia Medical are low level laser devices used for relieving pain in patients.

14.     Erchonia Medical is one of the leading companies manufacturing and selling these type of low level laser devices used for therapeutic purposes. The Erchonia Parties have been in the business of manufacturing and selling therapeutic devices for several years.

15.     Erchonia Medical sponsors educational seminars in which the use of its devices is taught to health care professionals, including chiropractors. This is one of the methods used by Erchonia Medical to promote interest in and sales of its products.

16.     Shanks and Tucek are the owners of The Erchonia Parties.

17.     Shanks and Tucek have been the inventors of several patents related to their business. Among the patents they have received are: U.S. Patent No. 6,013,096, issued January 11, 2000, for a *Hand-Held Laser Light Generator Device*; U.S. Patent No. 6,605,079, issued August 12, 2003, for a *Method for Performing Lipoplasty Using External Laser Radiation*; and U.S. Patent No. 6,746,473, issued June 8, 2004, for a *Therapeutic Laser Device*.

18.     Moroney was previously a distributor of some products manufactured by Majes-Tec Innovations, Inc. ("Majes-Tec"), one of the predecessor companies of Erchonia Medical.

3

#1037676 v2

19. Smith was previously an employee of Erchonia Medical and its predecessor Majes-Tec.

20. AMD is a competitor of Erchonia Medical.

21. AMD markets and sells various low level laser products under the names the Quantum Laser or the Quantum System Laser, the Excalibur Laser, and, perhaps, others.

22. Moroney is the owner of and a principal in both REM and AMD.

23. Moroney actively directs and participates in the activities of AMD and supervises the activities of Smith.

24. KMS is affiliated with AMD and is engaged in the marketing and promotion of products sold by AMD.

25. Smith is the owner of and a principal in KMS. Smith actively directs, supervises and participates in the activities of KMS.

26. Stargate manufactures the Quantum System Laser and the Excalibur Laser for AMD and, upon information and belief, sells completed Quantum System Lasers and Excalibur Lasers to AMD for resale.

**FIRST AMENDED COUNTERCLAIM AND AMENDED THIRD-PARTY COMPLAINT**
**(Patent Infringement)**
**(Against Stargate, AMD, and KMS)**

27. The Erchonia Claimants reallege the allegations of paragraphs 1-26 above and incorporate them herein by this reference.

28. Erchonia Patent Holdings is the owner and Erchonia Medical is the exclusive licensee of the '473 Patent.

4

#1037676 v2

29. Defendant Stargate has made and is continuing to manufacture the Quantum System Laser and the Excalibur Laser.

30. AMD and KMS are selling and offering for sale the Quantum System Laser and the Excalibur Laser.

31. Such activities infringe upon the '473 Patent.

32. All of the above Counterdefendant and Third-Party Defendants have been given notice that their activities infringe upon the '473 Patent. Despite such notice, the above named Counterdefendant and Third-Party Defendants have continued their acts of infringement.

33. Upon information and belief, Counterdefendant AMD's and Third-Party Defendant KMS's activities were done knowingly and willfully.

34. These acts of infringement have caused and are continuing to cause irreparable injury to the Erchonia Claimants, and the Erchonia Claimants have no adequate remedy at law. The conduct of Counterdefendant AMD and Third-Party Defendants will continue to damage the Erchonia Claimants unless enjoined by this Court.

35. The Erchonia Claimants are also entitled to judgment against Counterdefendant AMD and the Third-Party Defendants in an amount to be proven at trial.

### SECOND AMENDED COUNTERCLAIM AND AMENDED THIRD-PARTY COMPLAINT
### (Contributory Patent Infringement)
### (Against Moroney, Smith, and REM)

36. The Erchonia Claimants reallege the allegations of paragraphs 1-35 above and incorporate them herein by this reference.

37. Third-Party Defendant Smith is a principal in KMS and is actively involved in the activities of KMS.

5

#1037676 v2

38. Smith knew or had reason to know that KMS's activities were being done in violation of the '473 Patent.

39. Smith has taken an active role in KMS's activities in selling and promoting the sale of the Quantum System Laser and, upon information and belief, the Excalibur Laser.

40. Moroney is a principal in AMD and is actively involved in the activities of AMD.

41. Moroney had knowledge that AMD's activities infringe upon the '473 Patent.

42. Despite such knowledge, Moroney has directed AMD to continue its infringing activities.

43. REM has actively and knowingly provided aid and assistance to AMD to assist it in its sales of Quantum System Lasers and Excalibur Lasers.

44. Such activities constitute contributory patent infringement.

45. The activities of Moroney, Smith, and REM have caused and are continuing to cause irreparable injury to the Erchonia Claimants, and the Erchonia Claimants have no adequate remedy at law. The activities of Moroney, Smith, and REM will continue to damage the Erchonia Claimants unless enjoined by this Court.

46. The Erchonia Claimants are also entitled to judgment against Moroney, Smith, and REM in an amount to be proven at trial.

### THIRD AMENDED COUNTERCLAIM AND AMENDED THIRD-PARTY COMPLAINT
### (Inducement of Infringement)
### (Against REM, Smith, and Moroney)

47. The Erchonia Claimants reallege the allegations of paragraphs 1-46 above and incorporate them herein by this reference.

48. Upon information and belief, AMD, KMS, Smith, and Moroney have instructed others to use the Quantum System Laser and the Excalibur Laser.

49. Upon information and belief, AMD, KMS, Smith, and Moroney have encouraged others to use the Quantum System Laser and the Excalibur Laser and to purchase and use the Quantum System Laser and the Excalibur Laser.

50. Such activities constitute inducement of infringement of the '473 Patent in violation of 35 U.S.C. §271(b).

51. The acts described above have caused and are continuing to cause irreparable injury to the Erchonia Claimants, and the Erchonia Claimants have no adequate remedy at law. The acts described above will continue to damage the Erchonia Claimants unless enjoined by this Court.

52. The Erchonia Claimants are also entitled to judgment against REM, Smith, and Moroney in an amount to be proven at trial.

WHEREFORE, the Erchonia Claimants request relief as follows:

A. That the Court issue a preliminary and permanent injunction against all Counterclaimants and Third-Party Defendants, restraining and enjoining them, their employees, agents, owners, directors, and representatives, and all persons in active concert with them, from any and all acts of infringement of the '473 Patent, including making, using, selling, offering for sale, advertising, marketing, or promoting the sale of the Quantum System Laser, the Quantum Laser, the Excalibur Laser, or any substantially similar laser sold, advertised, marketed, or promoted under a different name.

7

#1037676 v2

B. That the Court award the Erchonia Claimants damages in an amount to be proven at trial, but not less than damages based upon a reasonable royalty;

C. That the Court award the Erchonia Claimants treble damages, pursuant to 35 U.S.C. §284;

D. That the Court award the Erchonia Claimants their attorneys' fees, costs and disbursements incurred in this action, as well as pre- and post-judgment interest as allowable by law;

E. That the Court find this to be an exceptional case and award the Erchonia Claimants their attorneys' fees, pursuant to 35 U.S.C. § 285; and

F. That the Court grant the Erchonia Claimants such other and further relief as this Court deems just and proper.

Respectfully submitted this 25th day of October, 2005.

> HOLME ROBERTS & OWEN LLP
> Richard L. Gabriel
> David O. Seeley
>
> s/Richard L. Gabriel
> 1700 Lincoln, Suite 4100
> **DC Box No. 07**
> Denver, Colorado 80203
> Telephone: 303-861-7000
>
> DECONCINI MCDONALD YETWIN & LACY, P.C.
>  Ira M. Schwartz
> 7310 N. 16th Street, Suite 330
> Phoenix, AZ 85020
> Telephone: 602-282-0500

8

#1037676 v2

KENNEDY CHRISTOPHER CHILDS & FOGG, P.C.
 John R. Mann
 Charles R. Ledbetter
 Valerie A. Garcia
1050 17th Street, Suite 2500
Denver, Colorado 80265
Telephone: (303) 825-2700

Attorneys for Erchonia Medical, Inc., Erchonia Medical Lasers, L.L.C., and Erchonia Patent Holdings, L.L.C.

#1037676 v2

## CERTIFICATE OF SERVICE

I hereby certify that, on this 25th day of October, 2005, I electronically filed the foregoing **THE ERCHONIA CLAIMANTS' AMENDED COUNTERCLAIMS AND AMENDED THIRD-PARTY COMPLAINT** with the Clerk of the court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

Robert R. Brunelli, Esq.
Benjamin J. Lieb, Esq.
Sheridan Ross PC
1560 Broadway, Suite 1200
Denver, CO 80202
**rbrunelli@sheridanross.com**
**blieb@sheridanross.com**
**litigation@sheridanross.com**


Ira M. Schwartz
Deconcini McDonald Yetwin & Lacy, P.C.
7310 N. 16th Street, Suite 330
Phoenix, AZ 85020
**ischwartz@dmylphx.com**
**kkirk@dmylphx.com**


John R. Mann
Charles R. Ledbetter
Valerie A. Garcia
Kennedy Christopher Childs & Fogg, P.C.
1050 17th Street, Suite 2500
Denver, Colorado 80265
**jmann@kennedy-christopher.com**
**cledbetter@kennedy-christopher.com**
**vgarcia@kennedy-christopher.com**

           s/Richard L. Gabriel
           1700 Lincoln, Suite 4100
           **DC Box No. 07**
           Denver, Colorado 80203
           Telephone: 303-861-7000

#1037676 v2